32406. GIBSON *et al. v.* STATE OF GEORGIA.

DECIDED APRIL 13, 1949.

*Limerick L. Odom,* for plaintiffs in error.

*L. P. Strickland,* contra.

SUTTON, C. J. On January 20, 1948, F. A. Gibson was tried, convicted, and sentenced, in the City Court of Millen, Jenkins County, to pay a fine of $500 for a misdemeanor. On the same date, the defendant made a motion for a new trial and gave a supersedeas bond for $1000, with I. L. Polk and C. M. Johnson as sureties. The defendant's motion for a new trial was overruled and the judgment was affirmed by the Court of Appeals, and judgment was entered on the remittitur from this court to the trial court on June 15, 1948. The defendant not appearing to abide the final judgment and sentence in said case, the supersedeas bond was forfeited at the October term, 1948, of the City Court of Millen. Scire facias was duly issued, returnable to the January term, 1949, of said court, and service thereof was made on I. L. Polk and C. M. Johnson, sureties on said bond, on October 27 and 28, 1948, respectively.

Polk and Johnson filed an answer to the scire facias and alleged: (1) that the Sheriff and Clerk of the Superior Court of Jenkins County called upon M. D. Jamerson, a member of the Georgia

Bureau of Investigation, to apprehend F. A. Gibson, principal in the bond, and either to collect the fine that had been imposed on him, or to take him into custody; (2) that said M. D. Jamerson on ___ day of June, 1948, apprehended said Gibson and detained him in his custody at a building where he was working near Rocky Ford in Screven County and exhibited to him the order of the court and the remittitur from the Court of Appeals, and Jamerson trusted Gibson and gave him until three o'clock that day to get the money, but Gibson absconded, instead of returning with the money to pay the fine; and that they should be relieved by reason of these facts.

The case proceeded to trial at the January term, 1949, of said court, and at the conclusion of the evidence the trial judge directed a verdict for the plaintiff against the defendants, and the defendants excepted thereto by a direct bill of exceptions.

It appears from the record that the supersedeas bond was duly forfeited at the next term of the City Court of Millen after the conviction of F. A. Gibson, the principal in the bond, had been affirmed by the Court of Appeals. It is contended by the defendant sureties that they should be relieved from their obligation on the bond by reason of the alleged arrest of Gibson by M. D. Jamerson, the G. B. I. officer; and it is further contended by I. L. Polk that he was not notified by the court to produce the defendant Gibson in court prior to the forfeiture of the supersedeas bond. The evidence fails to sustain the contentions of the defendants. They introduced in evidence a letter, dated June 25, 1948, from J. H. Simpson, Clerk of the City Court of Millen, to I. L. Polk, advising him that F. A. Gibson's case had been affirmed by the Court of Appeals, that the officer had searched for the defendant but had not been able to find him in order to execute the sentence of a $500 fine or 12 months, and, unless the sureties produced Gibson and turned him over to the authorities, appropriate proceedings would be instituted on the supersedeas bond. It appears from the evidence that M. D. Jamerson, a member of the Georgia Bureau of Investigation, received a court order from the office of the Clerk of the City Court of Millen, to collect a fine and costs of $550.52, from the defendant, F. A. Gibson, or to arrest him; this officer found

Gibson at Rocky Ford in Screven County where he was working on a building that was being erected by a Mr. Edenfield. Gibson and Edenfield carried Jamerson through the house and showed it to him, and Jamerson then called Gibson off to one side and showed him the court order. "He [Gibson] said something about not having the money and would have to get it, and I didn't know how close it was he would have to go to get the money, and as far as I knew it was right there in Rocky Ford, and so I said I would be back at three o'clock, and it was five or ten minutes after three when I got back there, and I was going back there to get the money or Mr. Gibson. . . I didn't arrest Mr. F. A. Gibson that morning and never have arrested him." The officer testified that he went back to the building about three o'clock that afternoon to meet Gibson, but that Gibson was not there and he did not see him any more; and he testified that he did not arrest Gibson nor in any way restrain him of his liberty. The evidence fails to show that the defendant was arrested or taken into custody by the officer, Jamerson. It appears that this officer conferred with the defendant about paying the fine, which the defendant promised to do, but failed to keep his promise. This did not constitute an arrest.

The condition of the supersedeas bond was that the defendant, Gibson, would be present in person to abide the final judgment and sentence of the court in said case. He failed to appear in compliance with the terms of the bond, and his sureties failed to produce him in compliance therewith. The bond was then forfeited as provided by law. Under the facts in this case, the trial judge did not err in directing a verdict for the plaintiff and in making the judgment absolute on the supersedeas bond.

*Judgment affirmed. Parker, J., concurs. Felton, J., concurs in the judgment.*